FRANZ TOREK *vs.* LILA G. BUTLER.

DECEMBER 4, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

STEARNS, C. J. Heard on complainant's appeal from a decree of the Superior Court sustaining respondent's demurrer to a bill in equity.

348

The facts alleged in the bill and admitted by the demurrer are as follows: David H. Butler, a resident of the town of Barrington, died September 6, 1926. His will was admitted to probate October 5, 1926, by the Probate Court of Barrington, and the respondent, widow of the deceased and residuary legatee under the will, was appointed executrix. The first publication of notice of the appointment of the executrix was made October 5, 1926. In January, 1928, the executrix filed her first and final account in the Probate Court; said account was allowed March 6, 1928. Therein it appears that respondent received the sum of $5,051.21, this being the residue of the estate. This bill in equity was filed in the Superior Court January 29, 1929; complainant is proceeding under the provisions of General Laws 1923, Chapter 369, Secs. 20, 22. Section 20 provides that any creditor who, from accident, mistake, or unforeseen cause, has failed to file his claim in the probate court within one year after the first publication of notice of his qualification by the executor or administrator, who shall bring his action not later than three years after the first publication of notice, may recover such claim against the heirs and next of kin of the deceased, or against the devisees and legatees under his will, each one of whom shall be liable to the creditor to an amount not exceeding the value of the real or personal estate that he has received from the deceased. The procedure (Sec. 22) is by a suit in equity against all persons so liable, or against such of them as are within reach of process.

The complainant is a physician and surgeon, resident in New York; he was summoned to perform an operation on David H. Butler and performed the operation July 16, 1926; thereafter he was often called into consultation and performed various professional services during the illness of the said Butler; his bill ($2,600) has never been paid. In September, 1926, and again in November and December, 1927, complainant avers that he sent his bill against the estate of David H. Butler addressed to Barrington, R. I., and that he sent further reminders of said bill so addressed

in January, February, March, April, May, June, August and October, 1928; that at least three of the statements of his bill were sent by registered mail addressed to the estate; that none of these letters was returned to him as undelivered.

Complainant further avers that he was not aware that it was necessary for him "to formally file his claim in the Probate Court of the town of Barrington; . . . that in his personal experience it had only been necessary to present his bill to the representatives of the estates, sometimes sworn to and sometimes not sworn to; that by reason of the charming attitude of both the late Mr. Butler and of Mrs. Butler at the time the services were rendered, they appearing highly appreciative of said physician's services, . . . he was led to think that legal steps to collect his bill were not only unnecessary, but even out of place."

From complainant's statement of the facts, it appears that he knew of Mr. Butler's death in September, 1926, and supposed that the estate was in process of settlement in Barrington. He was an educated man and, from his experience with other claims of a like nature, knew that some kind of formal demand was usually required to be made by a creditor upon the legal representative of the estate of a deceased debtor. He does not allege that any concealment or deceit was practiced upon him by any one interested in the estate.

His failure to act was not a mistake of fact. If there was any mistake it was one of law. He was ignorant of the law of this State with respect to claims against a decedent's estate and was not interested in it as he expected to receive payment of his bill without resorting to legal proceedings which, in the circumstances, he thought would be "out of place." He continued in this frame of mind for over two years, his last "reminder" being sent in October, 1928, eight months after the allowance of the final account. Three months thereafter, in January, 1929, he changed his method of procedure and began legal proceedings. His failure to ascertain the legal requirements for the enforcement of his

claim was due to his own negligence. His mistake was an erroneous supposition that legal proceedings were not appropriate. For this he alone was to blame. A timely inquiry easily made would have set him right. Equity does not grant relief to a party on the ground of accident or mistake, if the accident or mistake has arisen from his own gross negligence, or want of reasonable care, and especially if relief to him will harm another. *Upham* v. *Hamill*, 11 R. I. 565. In *Donahue* v. *Sherman's Sons Co.*, 39 R. I. 373, the proceeding was upon a petition filed under the Workmen's Compensation Act. This court in its opinion in that case reviewed at length various cases wherein relief was sought under the statutory grounds of "accident, mistake or unforeseen cause." After considering cases in which relief had been granted or denied, this court approved the practice which it found was established, that relief would be granted to a party who had been negligent in safeguarding his legal rights only when the court has found other circumstances which excused the negligence. In the case at bar there is no adequate excuse for complainant's neglect to make inquiry and take timely legal action to assert his legal rights. The legislative intent, as expressed in the statutes, is to encourage a prompt settlement and distribution of a decedent's estate. To allow the complainant to prosecute his bill and establish his claim at this late day would tend to nullify the legislative intent to expedite the settlement of estates. We think relief should be granted in this class of cases only when the refusal to grant the relief would result in undeserved hardship to the complainant and would not impose an unfair burden on others interested in the estate.

For the reasons stated we hold that there was no error in the action of the court in sustaining the demurrer.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Ernest P. B. Atwood,* for complainant.

*McGovern & Slattery, Frank H. Hammill,* for respondent.